Mildred HENSON, Plaintiff,

v.

Patricia Roberts HARRIS, in her capacity as Secretary of the United States Department of Health, Education and Welfare, Defendant.

No. 79 Civ. 3670.

United States District Court,
S. D. New York.

Feb. 6, 1980.

Westchester Legal Services, Inc. by Stephen Norman, New Rochelle, N.Y., for plaintiff.

Robert B. Fiske, U. S. Atty., New York City, for defendant.

## MEMORANDUM AND ORDER

### WHITMAN KNAPP, District Judge.

The question before us is whether it can be said as a matter of law that the plaintiff was not without fault in accepting payments from the Social Security Administration to which she was not entitled.[1] It is conceded that she was not entitled to those payments by reason of the fact that she was concurrently receiving Veterans Administration survivor's benefits. The facts

---

1. The provision governing treatment by the Secretary of overpayments or underpayments of SSI benefits is section 1631(b) of the Act, 42 U.S.C. § 1383(b), which provides as follows:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustment or recovery on account of such overpayment in such case would defeat the purposes of this title, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this title.

as found by the Administrative Law Judge are as follows:

On January 29, 1974 the plaintiff, an apparently unsophisticated woman who is a widow and who suffers from intestinal cancer, filed a claim for supplemental security income. In response to questions by an official to whom she had been referred, she gave information relevant to her application, including the statement that she was in receipt of veterans survivor's benefits. The official filled out the application in her presence, and upon completing it handed it to her for signature. Unknown to plaintiff, the official had neglected to note the receipt of veteran's benefits. Assuming that the information she had provided had been correctly noted, she signed the form without reading it. The following year she repeated this process, again disclosing her veteran's benefits. This time the information was duly noted, and the application rejected.

This rejection triggered an examination of the earlier application and it was for the first time discovered that the information about veteran's benefits had not been included, and that the application was therefore incomplete.

Upon the foregoing findings [2] the Administrative Law Judge ruled that the plaintiff had been at fault in failing to read the application before signing it. That is to say he ruled that plaintiff should have insisted that the official who had just filled out the application in her presence wait for her to read it so as to make sure that the information she had provided had been duly transcribed. It appears to us that the standard of care thus imposed upon the plaintiff was utterly unrealistic and unreasonable [3] and we conclude as a matter of law that, upon the facts found by the Administrative Law Judge, the plaintiff was without fault.

Defendant urges that, should we come to the above conclusion about fault, we should remand this case to the Secretary for a determination as to whether recovery of the overpayment would be against equity or good conscience. We can see no basis upon which, assuming the correctness of our ruling as to fault, recovery of the overpaid benefits to this widow suffering from intestinal cancer would be either equitable or in good conscience. We therefore will direct judgment on the pleadings in plaintiff's favor.

Let the plaintiff submit an appropriate judgment on five days notice.

SO ORDERED.

---

**2.** At oral argument it was pointed out that the findings appear to have been couched in somewhat ambiguous language, and the court suggested that the case might be remanded for the purpose of having the Administrative Law Judge specify whether the facts as above outlined had simply been assumed *arguendo* or had actually been found. The government rejected that suggestion (presumably in light of the fact that the matter had already been twice before the Administrative Law Judge) and stipulated that the facts as above stated constituted a correct interpretation of the record.

**3.** This standard would appear to us to be unreasonable even when dealing with a relatively sophisticated person. It is certainly so in the case of this apparently unsophisticated widow.